UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 07-81145-CIV-HURLEY/HOPKINS

DOUGLAS FADNESS,

     Plaintiff,

v.

BANK BUILDERS INTERNATIONAL,
INC., a Florida corporation,

     Defendant.
_____/

## AMENDED COMPLAINT
(Corrected)

Plaintiff, DOUGLAS FADNESS (hereinafter, "Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, BANK BUILDERS INTERNATIONAL, INC., a Florida corporation (hereinafter referred to as "Defendant"), and alleges as follows:

1. Plaintiff was an employee of Defendant and brings this action for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. Section 216(b).

2. Plaintiff performed work as an employee for Defendant in South Florida, including in Palm Beach County, Florida.

3. Defendant owned and operated a construction business in South Florida and conducted business in Palm Beach County on a regular basis, and is within the jurisdiction of this Court.

4. This action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b).

5. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C. §216(b). At all times pertinent to this Complaint, upon information and belief, Defendant was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined §3(r) and 3(s) of the Act. 29 U.S.C. §203(r) and 203(s). Based upon information and belief, the annual gross sales volume of Defendant was in excess of $500,000.00 per annum. Additionally, Plaintiff was individually engaged in commerce at all times material hereto.

6. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. §201-209, in that Plaintiff performed services for Defendant for which no provision was made by Defendant to properly pay him for all hours worked in excess of forty (40) within a work week.

7. For one or more pay periods during his employment with the Defendant, Plaintiff worked for Defendant, and Defendant's payroll practices were illegal and/or improper. Upon information and belief, Defendant mis-classified Plaintiff as an exempt employee and Defendant failed to properly compensate him properly for overtime work pursuant to the FLSA.

8. Plaintiff regularly worked in excess of forty (40) hours in one or more work weeks during his employment with Defendant, and, upon information and belief, spent all or at least a majority of his work time performing "non-exempt" work.

9. Plaintiff is entitled to the benefits and protections afforded by the Act. During his employment with Defendant, Defendant did not properly pay time and a half wages for all of the overtime hours worked by Plaintiff.

10. Records concerning the number of hours actually worked by Plaintiff and the compensation actually paid to him is in the possession and custody of Defendant.

11. Plaintiff is entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) hours per work week. Defendant's actions and/or inactions have deprived Plaintiff of his property and legal rights.

12. By reason of Defendant unlawful acts, Plaintiff has suffered damages.

13. Plaintiff is entitled to liquidated damages.

14. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

15. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, DOUGLAS FADNESS, demands judgment against Defendant, BANK BUILDERS INTERNATIONAL, INC., declaring, pursuant to 29 U.S.C. Sections 2201 and 2202, that the acts and practices complained of herein are in violation of the FLSA; awarding payment of all overtime hours at one and one-half the regular rate of pay due to him for the hours worked by him for which he has not been properly compensated, liquidated damages and reasonable attorneys' fees and costs of suit, and such further relief that this Court deems just and appropriate.

Respectfully submitted this 25th day of January, 2008.

_____
Jason S. Haselkorn (Florida Bar No. 0052140)
Jhaselkorn@caseyciklin.com
Charles L. Pickett (Florida Bar No.: 0051217)
Cpickett@caseyciklin.com
CASEY CIKLIN LUBITZ
MARTENS & O'CONNELL
515 North Flagler Drive, 19th Floor
West Palm Beach, FL 33401
Telephone: (561) 832-5900
Facsimile: (561) 833-4209
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_____
Charles L. Pickett, Esq.

## SERVICE LIST

Douglas Fadness vs. Bank Builders International, Inc.
Case No. 07-81145–CIV–HURLEY/HOPKINS
United States District Court, Southern District of Florida

William G. Salim, Jr., Esq.
wsalim@mmsslaw.com
MOSKOWITZ, MANDELL,
SALIM & SIMOWITZ, P.A.
800 Corporate Drive, Suite 500
Fort Lauderdale, Florida 33334
Telephone 954-491-2000
Facsimile 954-491-2051
Attorneys for Defendant
CM/ECF method of service